**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MORENO VIDALES, et al.,

                      Plaintiffs,

   -against-

SERGIO'S ON THE BLVD PIZZERIA, INC., et al.,

                    Defendants.
-----------------------------------------------------------------X

**SUA SPONTE**
**REPORT AND**
**RECOMMENDATION**

19-CV-1840 (ILG) (ST)

**TISCIONE, United States Magistrate Judge:**

On March 30, 2019, plaintiffs Joshua Moreno Vidales ("Vidales") and Adan Ladino Sanchez ("Sanchez") (together, "Plaintiffs") commenced this action against defendants Sergio's on the Blvd Pizzeria, Inc. ("Sergio's") and John Alite ("Alite") (together, "Defendants"). *See generally* Compl., ECF No. 1.  Plaintiffs alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 216(b), *et seq.*, and New York Labor Law ("NYLL") §§ 191, 193, 195, 198, 663, and 650, *et seq*.  *See generally id.*

During a settlement conference on December 10, 2020, this Court cautioned Vidales that failure to appear at a subsequent telephone conference would result in a report and recommendation to the District Judge that the case should be dismissed for failure to prosecute. *See* Min. Entry Dec. 10, 2020 Settlement Conference, ECF No. 32.  Vidales did not appear.  Similarly, during a telephone conference on March 23, 2021, this Court ordered Sanchez to either sign the settlement agreement prepared by the parties or appear for a telephone conference on April 23, 2021 and show cause as to why this case should not be dismissed for failure to prosecute. *See* Min. Entry Mar. 23, 2021 Telephone Conference, ECF No. 43.  Since then, he has not made any attempt to contact his counsel or the Court.  Accordingly, the Court has no choice but to recommend, *sua sponte*, that the District Court DISMISS Vidales and Sanchez's claims for failure to prosecute.

1

### A. Background

Vidales and Sanchez commenced this action on March 30, 2019. *See* Compl. In the Complaint, Plaintiffs alleged that Alite owns, controls, and manages Sergio's. *See* Compl. ¶ 10. Sergio's is a food and restaurant business located at 3300 Northern Boulevard, Long Island City, New York. *See id.* ¶¶ 12, 16. Plaintiffs alleged that they were employed by Defendants and, in all workweeks during their employment, Defendants failed to pay Plaintiffs the minimum wage and overtime rate applicable under the FLSA and NYLL. *Id.* ¶¶ 24, 27-28, 30. Plaintiffs further alleged that Defendants failed to furnish Plaintiffs with the notices required by NYLL at the time of hiring and at the time of each wage payment. *Id.* ¶¶ 31-32. As a result of the Defendants' alleged conduct, Plaintiffs seek, *inter alia*, compensation for unpaid overtime wages, damages, and attorney fees. *See id.* ¶ 51, 57, 63; Letter Mar. 22, 2021, ECF No. 41.

On June 17, 2020, the parties reported that they had reached a settlement. *See* Min. Entry June 18, 2020 Telephone Conference, ECF No. 22. However, Vidales changed his mind about the settlement, despite the fact that payment had already been made. *See* Min. Entry Sept. 4, 2020 Telephone Conference, ECF No. 27. The Court scheduled a telephone conference, noting that Vidales' failure to appear may result in sanctions. *See id.* Despite this, Vidales failed to appear. *See* Min. Entry Oct. 27, 2020 Telephone Conference, ECF No. 28. Counsel had not had contact with Vidales for at least two months, and the Court cautioned Vidales that failure to appear at a telephone conference scheduled for November 13, 2020, would result in a recommendation that the case be dismissed for failure to prosecute. *See id.* Vidales appeared, for what would be the last time, and advised that he did not agree with the terms of the proposed settlement. *See* Min. Entry Nov. 13, 2020 Telephone Conference, ECF No. 31. The Court scheduled a telephone settlement conference for December 10, 2020. *See id.* Vidales once again did not appear, and the Court gave him "one final opportunity" to attend a settlement conference in January, noting that his failure to appear would result in a recommendation that the case be dismissed for failure to prosecute. *See* Min. Entry Dec. 10, 2020 Settlement Conference. Again, Vidales failed to appear, and the Court indicated that it would recommend dismissal against Vidales for failure to prosecute.

*See* Min. Entry Jan. 15, 2021 Telephone Conference, ECF No. 35.  Since that date, Vidales has not contacted his attorney or the Court.

Despite Vidales' situation, on February 8, 2021, the parties reported that they had reached a disposition as to Sanchez.  *See* Min. Entry Feb. 8, 2021 Telephone Conference, ECF No. 38.  However, by March 23, 2021, Sanchez's counsel reported that he had been unable to reach Sanchez since the February 8, 2021 telephone conference, so the settlement could not be finalized.  *See* Min. Entry Mar. 23, 2021 Telephone Conference.  This Court ordered Sanchez to either sign the settlement agreement or appear for a telephone conference on April 23, 2021 to show cause as to why the case should not be dismissed for failure to prosecute.  *See id.*  Sanchez failed to appear on April 23, and his counsel reported that he had not had contact with Sanchez for almost three months.  *See* Min. Entry Apr. 23, 2021 Show Cause Hr'g, ECF No. 45.  The Court indicated that it would recommend dismissal for failure to prosecute against Sanchez.  *Id.*  Sanchez has not made any further attempts to contact his attorney or the Court.

### B. Analysis

#### a. Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ."  Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket).  "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)).  Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."  *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations."  *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  Thus, the Second Circuit has announced five factors

3

(sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

First, the delay has been of a "significant duration." Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted). The factor weighs in favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). In this case, the delays are entirely attributable to Vidales and Sanchez. Since his last appearance at the November 13, 2020 telephone conference, Vidales has refused to appear for this case, in defiance of multiple orders from this Court to do so. *See* Min. Entry Nov. 13, 2020 Telephone Conference; Min. Entry Dec. 10, 2020 Settlement Conference. This includes Vidales' most recent failure to appear at the January 15, 2021 telephone conference, despite an Order of the Court to do so following his failure to appear at the December 10, 2020 settlement conference. Min. Entry Dec. 10, 2020 Settlement Conference; Min. Entry Jan. 15, 2021 Telephone Conference. Similarly, since February 8, 2021 Sanchez has seemingly refused to communicate with anyone regarding this case, including his attorney. *See* Min. Entry Mar. 23, 2021 Telephone Conference; Min. Entry Apr. 23, 2021 Show Cause Hr'g. He did not attend the

telephone conference on March 23, 2021. *See* Min. Entry Mar. 23, 2021 Telephone Conference. Despite an Order to do so, Sanchez did not sign the settlement agreement or appear for the show cause hearing. *Id.*; Min. Entry Apr. 23, 2021 Show Cause Hr'g. The absences of both Vidales and Sanchez speak to their lack of interest in prosecuting this case.

Although there is no bright line, courts have found delays of a few months sufficient for dismissal. *See Caussade*, 93 F.R.D. at 629 (citing cases dismissing after delays as short as three months). Courts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute her case entirely. *See Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing after party had become unreachable and "failed to carry out even the most basic tasks associated with prosecuting the case"); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months"). In this case, as discussed, Vidales and Sanchez have failed to make any affirmative acts since at least November 13, 2020 and February 8, 2021, respectively. *See* Min. Entry Nov. 13, 2020 Telephone Conference; Min. Entry Jan. 15, 2021 Telephone Conference; Min. Entry Feb. 8, 2021 Telephone Conference; Min. Entry Apr. 23, 2021 Show Cause Hr'g. Using these dates for calculation purposes, the delays of Vidales in excess of eight months and Sanchez in excess of five months both favor dismissal.

Second, Plaintiffs were given notice that dismissal was a possibility. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). Earlier in this litigation, the Court cautioned both Plaintiffs that failure to appear may result in dismissal for failure to prosecute. Following Vidales' failure to comply with this Court's Order that he appear at a conference in January 2021, the Court notified Vidales that it would recommend dismissal of his claims for failure to prosecute. *See* Min. Entry

5

Jan. 15, 2021 Telephone Conference. Similarly, following Sanchez's failure to comply with this Court's Order that he either appear for a conference in April 2021 or sign the settlement agreement, the Court notified Sanchez that it would recommend a dismissal of his claims for failure to prosecute. *See* Min. Entry Apr. 23, 2021 Show Cause Hr'g. Thus, both Vidales and Sanchez were on notice, and, to date, have failed to take any action. Given the notice to Vidales and Sanchez, the ample time to respond, and the opportunity to appear, this Court finds that the second factor favors dismissal.

Third, Defendants will be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Here, Vidales has neither appeared nor communicated with the defendants or this Court since November 2020, and Sanchez has not since February 2021. *See* Min. Entry Jan. 15, 2021 Telephone Conference; Min. Entry Apr. 23, 2021 Show Cause Hr'g. Despite the Court's orders, Vidales did not appear, and Sanchez neither appeared nor signed the settlement agreement. *See* Min. Entry Jan. 15, 2021 Telephone Conference; Min. Entry Mar. 23, 2021 Telephone Conference; Min. Entry Apr. 23, 2021 Show Cause Hr'g. In light of Plaintiffs' apparent unwillingness to participate in this litigation, along with the complete absence of any excuse for the lengthy delay, this Court finds that the third factor favors dismissal.

Fourth, dismissal would seek the proper balance between expediency and the rights of the plaintiff. The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether

a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631. In this case, the Court should reduce docket congestion by dismissing the case. Neither plaintiff has contacted the Court about his failure to prosecute since the undersigned signaled this Report and Recommendation was forthcoming in January and April 2021. Neither plaintiff has shown interest in litigating this case as both have essentially laid dormant for months and failed to move the case forward. *Caussade*, 293 F.R.D. at 631 (dismissing where plaintiff was not in contact with counsel for approximately five months and failed to respond to requests to schedule a deposition). Accordingly, the fourth factor favors dismissal.

Finally, because Vidales and Sanchez have shown no interest in litigating this case, there is no efficacious option but dismissal. Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Courts consistently find that dismissal is appropriate where a plaintiff has disappeared. *See id.* (citing cases); *see also Garcia*, 2016 WL 1275621, at *4. Here, both Vidales and Sanchez have effectively disappeared. Vidales did not attend a telephone conference despite this Court's Order directing him to appear, and Sanchez did not attend a hearing, despite the Court's Order directing him to. *See* Min. Entry Jan. 15, 2021 Telephone Conference; Min. Entry Apr. 23, 2021 Show Cause Hr'g. Additionally, Sanchez's counsel has not heard from him since February 8, 2021. *See* Min. Entry Mar. 23, 2021 Telephone Conferences. In such circumstances, dismissal is the appropriate remedy. *See Bilal v. City of N.Y.*, 17-CV-4498 (NGG) (SLT), 2020 WL 1698600, at *4 (E.D.N.Y. Apr. 8, 2020) (finding "plaintiff has effectively disappeared," where "he is no longer prosecuting the case or communicating with the court in any way"). The final factor favors dismissal.

### b. Attorney's Fees

In their Letter dated March 22, 2021, Defendants requested attorney's fees. *See* Letter Mar. 22, 2021. Defendants did not, however, specify the grounds for their request or the amount sought, nor did they provide documentation in support of their request. *Id.* Further, Defendants did not cite authority in which a plaintiff in an action involuntarily dismissed pursuant to Rule 41(b) was required to pay attorney's fees. Rather, the Court is aware of at least one case from within the Second Circuit in which a plaintiff's claims were dismissed with prejudice for failure to prosecute and the defendants' fee request was denied. *See Shasgus v. Janssen, L.P.*, No. 08-CV-180A, 2009 WL 2878542 (W.D.N.Y. Sept 2, 2009). In *Shasgus*, the plaintiff let discovery deadlines lapse and took no steps to prosecute the action. *Id.*, at *6. The court found that dismissal with prejudice alone was a sufficient sanction and that the plaintiff was not required to also pay defendants' attorney's fees in moving to dismiss the action. *Id.* Similarly, Plaintiffs here failed to prosecute this action. Therefore, the appropriate sanction would be dismissal of the action with prejudice.

If Defendants' intention was to move for fees under the FLSA, the application still fails. Section 216(b) of Title 29 of the United States Code provides that the court "shall . . . allow a reasonable attorney's fee to be paid *by the defendant*, and costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b) (emphasis added); *see Grochowski v. Ajet Constr. Corp.*, No. 97 CIV. 6269(NRB), 2002 WL 465272, at *2 (S.D.N.Y. Mar. 27, 2002) (stating, "[t]he purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for *prevailing plaintiffs* with wage and hour grievances") (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)) (internal quotation marks omitted) (emphasis added). Further, "[r]equests for attorney's fees in this Circuit must be accompanied by contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *Ferrera v. Tire Shop Ctr.*, No. 14-CV-4657 (FB)(LB), 2016 WL 7626576, at *4 (E.D.N.Y. Oct. 14, 2016) (quoting *Juarez v. Precision Apparel, Inc.*, No. 12-CV-2349 (ARR)(VMS), 2013 U.S. Dist. LEXIS 131418, at *36 (E.D.N.Y. Aug. 21, 2013)), *adopted by* 2017 WL 27946

(E.D.N.Y. Jan. 3, 2017).

For the reasons stated above, it is respectfully recommended that the District Court deny Defendants' request for attorney's fees.

### D. Conclusion

This Court finds that the *Drake* factors weigh in favor of dismissal.  I recommend that the District Court DISMISS Vidales and Sanchez's claims with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

### E. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                              /s/
                                          Steven L. Tiscione
                                          United States Magistrate Judge
                                          Eastern District of New York

Dated: Central Islip, New York
         August 5, 2021

---

[1] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).